**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CHRISTINE FIORELLO,**

           **Plaintiff,**

**-vs-**                                   **Case No. 6:06-cv-1133-Orl-19KRS**

**DAYTONA BEACH HEALTH AND**
**REHABILITATION, L.L.C.,**

           **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE (Doc. No. 42)**
>
> **FILED:**    **October 15, 2007**
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This case was brought under the Fair Labor Standards Act (FLSA). 29 U.S.C. § 201, *et seq*. The parties have reached a settlement agreement and seek court approval of that agreement. In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the

Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353.

In the parties' joint motion for approval of the settlement agreement, doc. no. 42, the parties represent that despite the possibility that Plaintiff Christine Fiorello may be "exempt from the overtime requirements of the [FLSA], the settlement sum represents [an] approximation of the alleged unpaid overtime for the relevant time period." After review of the verified summary of hours filed by Defendant[1], I conclude that Fiorello will receive all of the overtime compensation she was arguably due based on the Defendant's time records. When, as here, a case is resolved by payment of the full amount of wages allegedly due under the FLSA, the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA.

The settlement agreement purports to be confidential. Doc. No. 42, ex. A. Because the settlement agreement has been filed in the public record, any confidentiality has been lost. As such, the settlement agreement is no longer confidential.

Accordingly, I respectfully recommend that the Court approve the settlement agreement and dismiss the case with prejudice, pursuant to the agreement of the parties. I further recommend that,

---

[1] In her response to the Court's interrogatories, Fiorello did not provide any information about the overtime she worked or the overtime compensation she alleged was due. Counsel for Plaintiff is cautioned that more information than Fiorello presented in her interrogatory answers is necessary in response to Court interrogatories and pursuant to Federal Rule of Civil Procedure 11.

the Court direct the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 16, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy